Get a Document - by Citation - 1992 U.S. Dist. LEXIS 6581 Page 1 of 4

Case 2:02-cv-03249-HH Document 13 Filed 07/15/2002 Page 1 of 4

Service: **Get by LEXSEE®**
Citation: **1992 U.S. Dist. LEXIS 6581**

*1992 U.S. Dist. LEXIS 6581, \**

LARRY HACKNEY v. SANDS HOTEL & CASINO and CLARIDGE CASINO HOTEL

CIVIL ACTION No. 92-0421

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1992 U.S. Dist. LEXIS 6581

April 28, 1992, Filed and Entered

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff copyright holder a filed fifth action against defendant hotels alleging claims of copyright infringement relating to a people mover. The hotels filed a motion to dismiss.

**OVERVIEW:** The copyright holder had filed four previous actions related to the alleged copyright infringement. The trial court had dismissed each action and each dismissal had been affirmed on appeal. Upon review of the copyright holder's fifth action, the court found that the complaint was essentially the same as its predecessors and was clearly frivolous. Accordingly, the court granted the motion. The copyright holder's repeated bringing of lawsuits would not change the fact that his causes of action were not meritorious. Pursuant to the All Writs Act, 28 U.S.C.S. § 1651(a), the court had to power to issue an injunction restringing the filing of merciless pleadings by litigants where the pleadings raised issues of identical or similar to those that had already been adjudicated. The court held that unless the copyright holder was somehow restrained from bringing further suits, he was likely to continue to abuse the judicial process and harass other parties. Therefore, the court enjoined the copyright holder from bringing any more such actions against the hotels without its prior approval.

**OUTCOME:** The court granted the hotels' motion to dismiss the copyright holder's fifth action for infringement and issued an injunction prohibiting the copyright holder from filing any additional infringement actions against any party relating to the people mover without leave of the court.

**CORE TERMS:** frivolous, infringement, docketed, facts supporting, assigned, direct evidence, injunction, similarity, copying, copyright infringement, pro se, casino, boardwalk, endeavor, walkways, certify

### CORE CONCEPTS - ◆ Hide Concepts

☐ Civil Procedure : Sanctions : Baseless Filings
✦ Courts have the responsibility to ensure that their limited resources are allocated in a way the promotes the interests of justice. While courts must endeavor to be as flexible as possible when administering claims brought by pro se litigants, there comes a time when repeatedly frivolous litigants abuse the system to the extent that institutional concerns must overcome the policy which provides that litigant with continuous access to the courts.

☐ Civil Procedure : Sanctions : Baseless Filings

✦ The All Writs Act, 28 U.S.C.S. § 1651(a), empowers district courts to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated. This type of relief is an extreme remedy and should be used sparingly.

**COUNSEL:** [*1] For the Plaintiff:

LARRY HACKNEY, 1220 W. LINDLEY STREET, APT. 111, PHILDELPHIA, PA 19140, USA, FREDERICK H. KRAUS, INDIANA AVE. & BRIGHTON PARK, ATLANTIC CITY, NJ 08401, USA.

For the Defendant:

NICHOLAS PODUSLENKO, OBERMAYER, REBMANN, MAXWELL & HIPPEL, 15TH & CHESTNUT STREETS, 14TH FL., PACKARD BLDG., PHILA, PA 19102, USA.

**JUDGES:** BECHTLE

**OPINIONBY:** LOUIS C. BECHTLE

**OPINION:** MEMORANDUM ORDER

AND NOW, TO WIT, this 28th day of April, 1992, upon consideration of defendants' motions to dismiss the complaint, IT IS ORDERED that the motions are granted. IT IS FURTHER ORDERED that plaintiff may not file any copyright infringement actions against any party relating to the "People Mover" without leave of this court. In seeking leave of court, plaintiff must certify that the claims he wishes to present are new claims, never before raised and disposed of on the merits by any federal court. Upon a failure to certify or upon a false certification, plaintiff may be found in contempt of court and punished accordingly. Plaintiff must also submit under oath a statement setting forth each and every fact he would present at trial supporting his claim of infringement. Plaintiff's motions to expedite in full [*2] response and to formally charge defendants Mr. Bradley H. Stone and Gloria Soto are dismissed.

DISCUSSION

Presently before the court is the fifth in a series of complaints filed against the Sands Hotel & Casino ("Sands") and Claridge at Park Place, Inc., d/b/a Claridge Casino Hotel ("Claridge"), wherein plaintiff, acting *pro se*, purports claims of copyright infringement against defendants relating to the "People Mover," which is an enclosed horizontal escalator that transports passengers from the boardwalk in Atlantic City, New Jersey, to the Sands, a hotel and casino located one block from the boardwalk. A history of plaintiff's related legal endeavors is in order. n1

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n1 The court is adopting the facts set forth in the various complaints discussed below by reference.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Plaintiff first brought suit against six defendants, including the Sands and Claridge, in this court on November 16, 1988. This suit, containing three related complaints, was docketed as Civil Action No. 88-5205 and was assigned to [*3] the Honorable Thomas N. O'Neill, Jr. Judge O'Neill immediately dismissed the complaints as frivolous on the ground that plaintiff had not made a short and plain statement of the facts supporting infringement as required by

Federal Rule of Civil Procedure 8. Judge O'Neill also noted that plaintiff's complaints were devoid of any facts supporting the claims and, consequently, permitted plaintiff 30 days to amend to remedy the complaints' inadequacies. Plaintiff filed an amended complaint which Judge O'Neill dismissed by Order dated January 5, 1989, wherein he stated, after citing relevant case law, that "plaintiff's complaint contains no facts to support direct evidence of copying. Moreover, plaintiff has alleged no facts to show that a substantial similarity exists between plaintiff's and defendant's works." Plaintiff appealed the dismissal to the United States Court of Appeals for the Third Circuit. The Third Circuit dismissed the appeal as frivolous pursuant to 28 U.S.C. § 1915(d).

Plaintiff filed a second complaint which was docketed as Civil Action No. 89-7434 and also assigned to Judge O'Neill. In dismissing the second action as frivolous, Judge O'Neill noted that plaintiff [*4] was complaining of the same acts of infringement as were alleged in the first action. Judge O'Neill also stated that:

> Plaintiff's complaint is inadequate. Plaintiff has failed to make a short and plain statement of the facts supporting infringement. The complaint contains no facts to support direct evidence of copying. . . . Neither does the complaint allege facts to show that a substantial similarity exists between plaintiff's and defendants' works. While defendants' walkways are outwardly similar in appearance to plaintiff's work, that fact alone is insufficient to establish that the walkways are substantially similar to plaintiffs' work.

*Hackney v. Sands Hotel and Casino*, No. 89-7434 (E.D.Pa. October 19, 1989) (Order dismissing action as frivolous). Plaintiff appealed the dismissal of the second action and again the Third Circuit dismissed the appeal as frivolous.

Plaintiff filed a third complaint on March 30, 1990, which was docketed at Civil Action No. 90-1712, wherein he again alleges the same acts of infringement as in the prior two actions. Judge O'Neill dismissed this complaint as frivolous n2 and the Third Circuit dismissed the appeal as frivolous [*5] and denied plaintiff's petition for rehearing.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n2 Judge O'Neill noted that in addition to the previous two actions, plaintiff also filed claims against U.S. News and World Report (Civil Action No. 89-9228) and C.B.S., Inc. and Paramount, Inc. (Civil Action No. 89-8894).

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Undaunted, plaintiff once again filed suit. The fourth action, docketed at Civil Action No. 91-1126, was assigned to the Honorable Herbert J. Hutton. Judge Hutton noted that the fourth complaint was virtually identical to Civil Action No. 89-7434 and dismissed it as frivolous. The Third Circuit affirmed the dismissal by Judgment Order dated September 20, 1991. After being rejected in his claims for the fourth time, plaintiff sought leave to amend his complaint in the second action, which Judge O'Neill denied since that action was no longer pending.

On February 20, 1992, plaintiff filed the fifth complaint against the Sands and Claridge. This complaint is essentially the same as its predecessors and is clearly frivolous. The court adopts the reasoning [*6] of Judge O'Neill and Judge Hutton and will dismiss the complaint pursuant to 28 U.S.C. § 1915(d).

This matter cannot end here, however. ✦Courts have the responsibility to ensure that their

limited resources are allocated in a way the promotes the interests of justice. See *In Re McDonald*, 489 U.S. 180, 109 S.Ct. 993 (1989). While courts must endeavor to be as flexible as possible when administering claims brought by *pro se* litigants, there comes a time when repeatedly frivolous litigants abuse the system to the extent that institutional concerns must overcome the policy which provides that litigant with continuous access to the courts. This is such a case.

♦The All Writs Act, 28 U.S.C. § 1651(a), empowers district courts to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated. *In Re Packer Ave. Associates,* 884 F.2d 745 (3rd Cir. 1989). Although this type of relief is an extreme remedy and should be used sparingly, the court is of the view that such action is warranted in the present case.

Plaintiff has **[*7]** filed a total of seven complaints against various defendants based on the same allegedly wrongful conduct. On each occasion a district court and an appellate court determined that plaintiff's complaint was frivolous. Plaintiff may believe that these causes of action are meritorious, but it is clear that courts do not; the repeated bringing of lawsuits will not change that fact. The court is satisfied that unless plaintiff is somehow restrained from bringing further suits, he is likely to continue to abuse the judicial process and harass other parties. See *Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986). The terms of the injunction set forth above was adopted by the Third Circuit in *Packer Ave. Associates*, wherein it remarked that this method "strikes a good balance between the right of the litigant to access to the courts, the right of parties to previous litigation to enjoy the repose of *res judicata* and the right of taxpayers not to have a frivolous litigant become an unwarranted drain on their resources." 884 F.2d at 748.

LOUIS C. BECHTLE, CH. J.

Service: **Get by LEXSEE®**
Citation: **1992 U.S. Dist. LEXIS 6581**
View: Full
Date/Time: Sunday, July 14, 2002 - 12:20 PM EDT

About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.