IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WIZKIDS CREATIONS CO., | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : |
| SEPTA TRANSPORTATION, et al., | : |
| Defendants. | : NO. 02-3249 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT SEPTA TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO THE COURT'S STANDING ORDER AND RULE 12(b)(6).**

Plaintiff, WizKids Creations Co. ("WizKids"), brings the present complaint against, Southeastern Pennsylvania Transportation Authority ("SEPTA"), and Portfolio Associates for alleged copyright infringement claims arising from a drawing or model known as "Flying Carpet." Although the present Complaint is filed in the name of WizKids, it is clear from the allegations of the Complaint, as well as records from the Pennsylvania Department of State, true and correct copies of which are attached as Exhibit "A," that WizKids is simply the registered fictitious name of Larry Hackney ("Hackney"). In fact, as set forth in the Complaint, plaintiff admits that Hackney is the owner of the purported registered copyright. Although plaintiff contends the depictions of SEPTA's EL somehow violate Hackney's later copyright, this entire action was filed in contravention of the Order entered by this Court pursuant to the All Writs Act, 28 U.S.C. § 1651(a), which prohibited Hackney from filing any "Flying Carpet" copyright claims without prior Court authorization. See Hackney v. Sands Hotel & Casino et. al, 1992 U.S.Dist.LEXIS 6581, *1 (E.D.Pa 1992)("Sands Action"), a copy of

which is attached as Exhibit "B."  As such, the use of a fictitious "corporate" entity is nothing more than an ill-advised attempt to avoid sanctions required pursuant to this Court's Order.

Even if the Court were to permit the filing of this Complaint, it should nonetheless be dismissed pursuant to Rule 12(b)(6), F.R.C.P., as plaintiff's claims are clearly frivolous.  Finally, in the unlikely event that this Complaint survives judicial scrutiny under Rule 12(b)(6), plaintiff should be required to file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, as much of the Complaint is incomprehensible.[1]

**A R G U M E N T**.

I.  **AS THE COURT HAS NOT AUTHORIZED PLAINTIFF TO FILE THE PRESENT COMPLAINT, IT SHOULD BE DISMISSED.**

Between 1988 and 1997, Hackney filed at least eight copyright infringement lawsuits arising out of his alleged "Flying Carpet" copyright, the same purported copyright at issue in the present matter.  See Hackney v. Lehrer McGovern Bovis of Pennsylvania, 1997 U.S.Dist.LEXIS 5738 at *1 (E.D.Pa.), aff'd, 1997 U.S.App. LEXIS 33435 (3d Cir. 1997)("Lehrer Action"), a true and correct copy of which is attached as Exhibit "C"; see also prior Hackney Dockets, true and correct copies of which are attached collectively as Exhibit "D."  In the earlier 1992 Sands Action, the Court referred to five separate, prior "Flying Carpet" copyright infringement claims and the Court also noted

---

[1] On July 8, 2002, co-defendant Portfolio Associates filed a Motion to Dismiss on substantive Rule 12(b)(6) grounds, all of which are incorporated by reference by SEPTA.

other cases filed by Hackney against U.S. News and World Report (Civil Action No. 89-9228) and CBS and Paramount (Civil Action No. 89-8894).[2]  <u>On each prior occasion, plaintiff's complaint was dismissed as frivolous</u>, including by this Court in <u>Hackney v. Sands Hotel & Casino et al.</u>, Civil Action No. 90-8059 (E.D.Pa. 1990)(Hutton, J.).  <u>See</u> Exhibit "D."  All related appeals to the Third Circuit were similarly dismissed (apparently without briefing).  <u>Id.</u>

In conjunction with the dismissal of Hackney's complaint in the <u>Sands</u> <u>Action</u>, the Honorable Louis C. Bechtle, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), entered the following Order:

> "IT IS FURTHER ORDERED that plaintiff may not file any copyright infringement actions against any party relating to the 'People Mover' [now identified as "Flying Carpet"] without leave of this court.  In seeking leave of court, plaintiff must certify that the claims he wishes to present are new claims, never before raised and disposed of on the merits by any federal court.  Upon a failure to certify or upon a false certification, plaintiff may be found in contempt of court and punished accordingly.  Plaintiff must also submit under oath a statement setting forth each and every fact he would present at trial supporting his claim of infringement."  1992 U.S.Dist.LEXIS 6581 at *1 (Exhibit "B" at 2).

Despite Judge Bechtle's Order, Hackney subsequently filed the <u>Lehrer</u> <u>Action</u>, again alleging a "Flying Carpet"

---

[2]C.B.S., Inc., has been sued again by plaintiff in <u>WizKids Creations Co., v. C.B.S. Inc.</u>, Civil Action No. 02-04358 (E.D.Pa. July 1, 2002)(Brody, J.).

-3-

copyright infringement. Consistent with the previous matters filed by Hackney, the Honorable William H. Yohn, Jr., dismissed plaintiff's Complaint as frivolous and reiterated Judge Bechtle's Order in the <u>Sands</u> <u>Action</u>, warning Hackney that no further claims for copyright infringement should be filed against <u>any</u> <u>defendant</u> without first obtaining leave of court:

> "Perhaps Hackney misinterpreted Judge Bechtle's order by concluding that he was entitled to bring the same claims against different defendants. I do not so read the order, but will give Hackney the benefit of the doubt and decline to hold him in contempt of court for violation of Judge Bechtle's order. <u>Nevertheless, I will now make it clear to Hackney that he is not to file any copyright infringement actions against any defendant for any claims for copyright infringement of his 'at Flying Carpet' without prior authorization of the court</u>.... Finally, the court advises Hackney that it will not hesitate to impose appropriate sanctions against him should he violate the terms of this order and be found in contempt of court.
>
> * * *
>
> "**IT IS FURTHER ORDERED** that plaintiff is ENJOINED from filing any complaint against any person, corporation or other entity for any claims alleging copyright infringement of the 'at Flying Carpet' without first seeking authorization of the court in which the plaintiff seeks to file. In seeking such authorization, the defendant shall abide by the order of this court in <u>Hackney v. Sands Hotel & Casino</u>, 1992 U.S.Dist.LEXIS 6581, Civ. No. 92-421, 1992 WL 97335 (E.D. Pa. Apr. 28, 1992). In addition to the certification required by that order, the defendant shall attach to any such complaint a copy of this order and

> accompanying memorandum, a copy of the memorandum and order of this court in Civil Action No. 92-421 dated April 28, 1992, a copy of the complaint filed in this case, and a copy of the complaint filed in Civil Action No. 92-421.  If plaintiff fails to abide by the terms of this order and the order of this court dated April 28, 1992 in Civil Action No. 92-421, he may be found in contempt of court and punished accordingly."  1997 U.S. Dist. LEXIS 5738 at *8-9 (emphasis added).  1997 U.S.Dist.LEXIS at *8-11 (Exhibit "C" at 5-6).

Despite these Orders and history, Hackney (now using a fictitious corporate name) revives and repeats his earlier modus operandi.  In reviewing the docket in the present matter, it is clear that Hackney did not seek leave of Court prior to filing his Complaint against defendants.  As Hackney's Complaint, as with all of his previously dismissed actions, alleges claims of copyright infringement arising out of his so-called "Flying Carpet," it must be dismissed and an appropriate Order entered preventing his filing of any action, either individually or otherwise, which references, concerns or focuses upon the "Flying Carpet" copyright.

Further, the Court should not be hesitant in imposing sanctions against Hackney simply because of his pro se status.  As Judge Bechtle reasoned in dismissing Hackney's frivolous Complaint in the <u>Sands Action</u>, Hackney's abuse of the judicial system cannot be permitted to continue:

> "This matter cannot end here, however.  Courts have the responsibility to ensure that their limited resources are allocated in a way the [sic] promotes the interests of justice.  <u>While courts must endeavor to be as flexible as</u>

-5-

<u>possible when administering claims brought by pro se litigants, there comes a time when repeatedly frivolous litigants abuse the system to the extent that institutional concerns must overcome the policy which provides that litigant with continuous access to the courts.  This is such a case</u>.

\* \* \*

"Plaintiff has filed a total of seven complaints against various defendants based on the same allegedly wrongful conduct.  On each occasion a district court and an appellate court determined that plaintiff's complaint was frivolous.  Plaintiff may believe that these causes of action are meritorious, but it is clear that courts do not; the repeated bringing of lawsuits will not change that fact.  The court is satisfied that unless plaintiff is somehow restrained from bringing further suits, he is likely to continue to abuse the judicial process and harass other parties."  1992 U.S.Dist.LEXIS 6581 at \*6-7 (Exhibit "B" at 3-4)(emphasis added and citations omitted).

As Hackney was required to seek leave of Court prior to filing the present Complaint and failed to do so, this Complaint must be dismissed and Hackney properly sanctioned for his blatant disregard of this Court's Orders.  Appropriate sanctions should include the reimbursement by plaintiff of defendants' costs in responding to this Complaint.[3]

---

[3]Plaintiff's deception here is most egregious as, without complying with the Court's prior Orders, Hackney even requested that this Court permit him to proceed <u>in forma pauperis</u>.  In light of the abuse of the system, that Order should be revoked and plaintiff should be ordered to refrain from even filing such motions in the future without first complying with the Court's Orders of April 28, 1992, and April 25, 1997.

## II. EVEN IF THE COURT WERE TO ADDRESS PLAINTIFF'S COMPLAINT, IT IS CLEARLY FRIVOLOUS AND SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6), F.R.C.P.

Rule 12(b)(6), F.R.C.P., permits dismissal of a complaint for failure to state a claim upon which relief may be granted. For the reasons set forth in the Motion to Dismiss filed by defendant Portfolio Associates, which is incorporated by reference, this Complaint, as in each prior case involving the purported "Flying Carpet" copyright, should be dismissed. See Exhibit "D." In order to establish a claim of copyright infringement, plaintiff must establish both ownership of copyright <u>and</u> <u>copying</u> <u>by</u> <u>defendant</u>. <u>Whelan Associates, Inc. v. Jaslow Dental Laboratories, Inc.</u>, 797 F.2d 1222, 1231 (3d Cir. 1986), <u>cert</u>. <u>denied</u>, 479 U.S. 1031 (1987). "Copying is demonstrated when someone who has access to a copyrighted work uses material <u>substantially similar</u> to the copyrighted work in a manner which interferes with a right protected by 17 U.S.C. § 106." <u>Ford Motor Company v. Summit Motor Products, Inc.</u>, 930 F.2d 277, 291 (3d Cir.), <u>cert</u>. <u>denied</u>, <u>Altran Corp. v. Ford Motor Company</u>, 502 U.S. 939 (1991)(emphasis added).

Even assuming SEPTA had access to Hackney's work, which it did not, it is inconceivable that Hackney's "Flying Carpet," which the Court in the <u>Lehrer</u> <u>Action</u> aptly described as "the idea of creating an elevated conveyor belt system to move people from one location to another without interfering with street level traffic," could ever be construed as substantially similar to SEPTA's EL.[4]  <u>Lehrer Action</u>, <u>supra</u>, 1997 U.S.Dist.LEXIS 5738 at

---

[4] Of course, although not pointed out by Hackney, SEPTA's EL predates Hackney's 1975 "Flying Carpet" by a substantial number
(continued...)

*4 (Exhibit "C" at 4.). The depictions submitted by plaintiff in support of his Complaint make this conclusion evident.

Moreover, the suggestion that the concept of elevation in the "Flying Carpet" is protected by copyright was flatly rejected by the Court in the Lehrer Action:

> "The only aspect of the 'at Flying Carpet's' 'design' that Hackney claims has been improperly copied by the defendants is the fact that the people-mover is elevated. Even if the idea of elevating the people-mover could be deemed 'expressive,' the elevation of the system is necessary to the proper functioning of the people-mover and is not 'capable of existing independently of the utilitarian aspects of the article.' [Masquerade Novelty, Inc. v. Unique Indus., Inc., 912 F.2d 663, 670 (3d Cir. 1990]. Hackney's design is, therefore, not copyrightable." 1997 U.S.Dist.LEXIS 5738 at *6 (Exhibit "C" at 4).

In dismissing Hackney's complaint in the Lehrer Action, the Court rejected any suggestion of "substantial similarity" between Hackney's "Flying Carpet" and an actual elevated walkway. Yet, here, this Court is being asked to accept the notion of "substantial similarity" between the "Flying Carpet" and a preexisting, elevated train platform. In short, plaintiff's claims are bereft of any merit. Accordingly, this Court should have "no difficulty in agreeing with the other judges of this court who have encountered these claims -- the claims lack merit and are properly dismissed." Id. at *7 (Exhibit "C" at 5).

---

[4](...continued)
of years. Nevertheless, leaving that fatal fact aside, plaintiff's claims remain patently frivolous.

**III. ASSUMING THE COMPLAINT SURVIVES DEFENDANTS' MOTIONS TO DISMISS, PLAINTIFF SHOULD BE REQUIRED TO FILE A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e).**

Rule 12(e), F.R.C.P., allows for a motion for a more definite statement of a claim in appropriate circumstances:

> "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

This result is compelling here if somehow the Complaint is not dismissed. In fact, Rule 8(a)(2), F.R.C.P., requires that a Complaint contain a "short and plain statement" of plaintiff's claim, and, further, "[e]ach averment ... shall be simple, concise and direct." Rules 8(a)(1) and (e)(1), F.R.C.P. Even "a pro se plaintiff is not excused from 'his obligation to plead specific facts and proper jurisdiction pursuant to Rule 8 of the Federal Rules of Civil Procedure.'" Boswell v. Bush, 138 F.Supp.2d 782, 785 (N.D.Texas 2000). Where, as here, pleadings are no more than "a morass of garbled text filled with unconnected facts and legalese, ambiguously referring to multiple, unrelated causes of action," the Court may dismiss even a pro se complaint. Boswell, 138 F.Supp.2d at 784.

Similarly, Hackney's allegations in this matter are, at best, indecipherable. While SEPTA can conclude that it is being sued for some alleged copyright infringement, it remains unclear how it allegedly infringed on plaintiff's so-called copyrighted "Flying Carpet." The Honorable Thomas N. O'Neill, faced with a similar complaint in another of Hackney's prior actions related to the "Flying Carpet," Civil Action No. 89-7434, dismissed that

-9-

action as frivolous, but noted the complaint violated the Federal Rules of Civil Procedure:

> "'Plaintiff's complaint is inadequate. Plaintiff has failed to make a short and plain statement of the facts supporting infringement. The complaint contains no facts to support direct evidence of copying.... Neither does the complaint allege facts to show that a substantial similarity exists between plaintiff's and defendants' works. While defendants' walkways are outwardly similar in appearance to plaintiff's work, that fact alone is insufficient to establish that the walkways are substantially similar to plaintiffs' work.'" 1992 U.S.Dist.LEXIS 6581 at *4-5 (Exhibit "B" at 3).

Accordingly, in the unlikely event that the plaintiff's Complaint is permitted to proceed, in face of the Court's prior Orders and the applicable law, the Court should require plaintiff to file a more definite statement of <u>intelligible</u> claims or face dismissal.

## **CONCLUSION**

For all these reasons, SEPTA requests that the Complaint be dismissed and that plaintiff be assessed with the attorneys' fees and costs incurred in filing this Motion to Dismiss as a sanction for his contempt of this Court's Orders.

```
OF COUNSEL:                      Howard A. Rosenthal
Pelino & Lentz, P.C.             Richard J. Hoff, Jr.
One Liberty Place                  Attorneys for Defendant
Thirty Second Floor                Southeastern Pennsylvania
1650 Market Street                 Transportation Authority
Philadelphia, PA 19103-7393
(215) 665-1540
```