Get a Document - by Citation - 1997 U.S. Dist. LEXIS 5738    Page 1 of 8

Case 2:02-cv-03249-HH    Document 7-7    Filed 07/15/2002    Page 1 of 8

Service: **Get by LEXSEE®**
Citation: **1997 U.S Dist. LEXIS 5738**

*1997 U.S. Dist. LEXIS 5738, \*; 42 U.S.P.Q.2D (BNA) 1727*

LARRY HACKNEY v. LEHRER McGOVERN BOVIS OF PENNSYLVANIA, et al.

CIVIL ACTION NO. 97-1015

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1997 U.S. Dist. LEXIS 5738; 42 U.S.P.Q.2D (BNA) 1727

April 25, 1997, Decided
April 25, 1997, FILED; April 28, 1997, ENTERED

**DISPOSITION: [\*1]** Defendants' motions to dismiss the complaint for failure to state a claim upon which relief may be granted are GRANTED. The complaint is DISMISSED WITH PREJUDICE as to all defendants. Defendants' motions to hold the plaintiff in contempt of court are DENIED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff copyright owner filed a sixth action against defendant hotels for copyright infringement of his copyright for an elevated conveyor belt system. The hotels filed motions to dismiss the copyright owner's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and motions for contempt of court.

**OVERVIEW:** The copyright owner obtained a copyright for a scale model of an elevated conveyor belt system. Two hotels completed work on an elevated walkway, which contained horizontal escalators connecting their casinos to a boardwalk. The court granted the hotels' motions to dismiss and denied their motions for contempt of court. The court held that: (1) although the hotels duplicated the copyright owner's idea of creating an elevated conveyor belt system, the copyright owner was provided no protection; (2) copyright did not protect the owner's ideas or designs because the elevation of the system was necessary to the proper functioning of the people-mover and was not capable of existing independently of the utilitarian aspects; (3) a scale model utilizing a rubber band as a conveyor belt was not "substantially similar" to the hotels' people-mover; (4) the copyright owner's claims lacked merit and were dismissed; and (5) although the copyright owner was not in contempt of court for violation of a trial judge's previous order, the copyright owner was not entitled to file any further copyright infringement actions against any defendant without prior authorization of the court.

**OUTCOME:** The court granted the hotels' motion to dismiss for failure to state a claim and dismissed with prejudice the copyright owner's complaint. The court denied the hotels' motions to hold the copyright owner in contempt of court but enjoined the copyright owner from filing any further copyright infringement actions without prior authorization.

**CORE TERMS:** frivolous, people-mover, similarity, infringement, copyright infringement, contempt, copied, conveyor belt, memorandum, elevated, casino, docketed, certify, substantially similar, boardwalk, Federal Rule of Civil Procedure, facts supporting, copyrightable, punished, assigned, pro se, copyrighted, walkway, failure to state a claim, false certification, court of appeals, direct evidence, denied sub nom, independently, utilitarian

Get a Document - by Citation - 1997 U.S. Dist. LEXIS 5738 Page 2 of 8

Case 2:02-cv-03249-HH Document 75-7 Filed 07/15/2002 Page 2 of 8

## CORE CONCEPTS - ◆ Hide Concepts

Civil Procedure : Pleading & Practice : Defenses, Objections & Demurrers : Failure to State a Cause of Action

◆ Fed. R Civ. P. 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief may be granted. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. In considering a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party.

Copyright Law : Infringement : Elements to Prove
Copyright Law : Infringement : Substantial Similarity

◆ Copyright infringement is established if the plaintiff proves that it owned the copyrighted material and that the copyrighted material was copied by the defendant. In order to prove the defendant has copied the work in question, plaintiff must show a "substantial similarity between the works." The criterion for substantial similarity is whether an ordinary lay observer would detect a substantial similarity between the works.

Copyright Law : Subject Matter : Ideas
Copyright Law : Subject Matter : Original Works of Authorship

◆ The copyright laws protect the expression of ideas, not the ideas themselves. Copyright is available only for the expression of a work of authorship, not for a mere idea.

Copyright Law : Subject Matter : Original Works of Authorship

◆ A design may, under some circumstances, be an expression protectable under the copyright laws.

Copyright Law : Subject Matter : Pictorial, Graphic & Sculptural Works

◆ While 17 U.S.C.S. § 102(a)(5) allows a copyright to be issued for a pictorial, graphic or sculptural work, copyright protection extends only to the extent that such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

Copyright Law : Subject Matter : Ideas
Copyright Law : Infringement : Substantial Similarity

◆ A copyright is not infringed by an expression of the idea which is substantially similar where such similarity is necessary because the idea or system being described is the same.

Copyright Law : Infringement : Substantial Similarity

◆ Substantial similarity is judged by determining whether a lay person would believe there has been an unlawful appropriation.

Copyright Law : Infringement : Statutes of Limitations & Doctrine of Laches

◆ A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge.

**COUNSEL:** LARRY HACKNEY, PLAINTIFF, Pro se, PHILADELPHIA, PA.

For LEHRER MCGOVERN BOVIS OF PENNA., LEHRER MCGOVERN BOVIS GROUP, INC., DEFENDANT: AARON R. KRAUSS, PEPPER, HAMILTON & SCHEETZ, PHILA, PA USA. For

Get a Document by Citation 1997 U.S. Dist. LEXIS 5738　Page 3 of 8

Case 2:02-cv-09249-MH　Document 157　Filed 07/15/2002　Page 3 of 8

GREATE BAY & CASINO, INC., DEFENDANT: FREDERICK H. KRAUS, ATLANTIC CITY, NJ USA.

**JUDGES:** William H. Yohn, Jr., Judge

**OPINIONBY:** William H. Yohn, Jr.

**OPINION: MEMORANDUM AND ORDER**

Yohn, J.

April 25, 1997

Pro se Plaintiff, Larry Hackney, has filed his sixth lawsuit in the Eastern District of Pennsylvania, alleging infringement of his copyrighted work, the " at Flying Carpet." As was the case with his previous filings, it is clear that Hackney's allegations are meritless. The court will therefore grant the defendants' motion to dismiss the complaint.

**BACKGROUND**

Although not entirely clear from Hackney's pleadings, the " at Flying Carpet," which received an official copyright in 1975, is apparently a scale model of an elevated **[*2]** conveyor belt system. The model is 13 inches high and 20 inches long and is suspended in the air by ten inch poles. It seems that by turning a hand operated crank, objects can be carried along the length of the unit by a rubber band conveyer belt. The conveyor belt is encased, so as to create a "tube" through which the conveyor belt runs.

Hackney claims that he discussed the " at Flying Carpet" with one Emmanuel Goldsmith at an American Society of Invention banquet in 1978. Goldsmith purportedly told Hackney that Atlantic City was looking for a way to move people from the casinos to the boardwalk without stopping traffic, and that the " at Flying Carpet" might just provide such a mechanism. Hackney agreed to split any profits with Goldsmith if Goldsmith would present the idea to officials in Atlantic City.

In 1988 the Sands Hotel and Casino and the Claridge Casino and Hotel in Atlantic City completed work on an elevated "people-mover" which connected their casinos to the boardwalk. The people-mover is essentially an elevated walkway which contains a horizontal escalator running from one end to the other. Hackney claims that the construction of this people-mover is "substantially **[*3]** similar" to his " at Flying Carpet" and therefore infringes his copyright.

**DISCUSSION**

✦Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984). Thus, in considering a motion to dismiss, "all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party." Sturm v. Clark, 835 F.2d 1009, 1011 (3rd Cir. 1987).

✦"Copyright infringement is established if the plaintiff proves that it owned the copyrighted material and that the copyrighted material was copied by the defendant." Ford Motor Co. v. Summit Motor Prod., Inc., 930 F.2d 277, 290 (3d Cir.), cert. denied sub nom. Altran Corp. v. Ford Motor Co., 502 U.S. 939, 116 L. Ed. 2d 324, 112 S. Ct. 373 (1991). In order to prove the defendant has copied the work in question, plaintiff must show a "substantial similarity between **[*4]** the works." See Universal Athletic Sales Co. v. Salkeld, 511 F.2d 904, 907

Get a Document - by Citation - 1997 U.S. Dist. LEXIS 5738    Page 4 of 8

Case 2:02-cv-09249-HH    Document 57    Filed 07/15/2002    Page 4 of 8

(3d Cir.), cert. denied sub nom. Universal Athletic Sales Co. v. Pinchock, 423 U.S. 863, 46 L. Ed. 2d 92, 96 S. Ct. 122 (1975). "The criterion for [substantial similarity] is whether an ordinary lay observer would detect a substantial similarity between the works." Id.

♣The copyright laws protect the expression of ideas, not the ideas themselves. See 511 F.2d at 906; Andrien v. Southern Ocean County Chamber of Commerce, 927 F.2d 132, 134 (3d Cir. 1991) ("Copyright is available only for the expression of a work of authorship, not for a mere idea."). Accepting all the allegations in Hackney's complaint as true, the most that could be said is that the defendants duplicated his idea of creating an elevated conveyor belt system to move people from one location to another without interfering with street level traffic. The copyright laws thus provide the plaintiff no protection. As our court of appeals has stated:

> Underlying [plaintiff's] claim of infringement was a feeling of resentment that the defendants had utilized knowledge which had been secured without their own independent research. In short, it was the protection **[*5]** of the idea that was the foremost consideration of the plaintiff. But, copyright does not protect ideas-- only expressions.

Universal Athletic, 511 F.2d at 908 (emphasis added).

Hackney appears to argue in his brief, however, that the defendants have copied the design of his " at Flying Carpet." ♣A design may, under some circumstances, be an expression protectable under the copyright laws. See Masquerade Novelty, Inc. v. Unique Indus., Inc., 912 F.2d 663, 669-70 (3d Cir. 1990). But even if Hackney's complaint could be construed as alleging that the defendants stole his "design" rather than his "idea," the copyright laws provide him no protection in this case.

First, even if the defendants had copied certain aspects of the plaintiff's design, those aspects are not copyrightable. ♣While 17 U.S.C. § 102(a)(5) allows a copyright to be issued for a pictorial, graphic or sculptural work, see 17 U.S.C. § 102(a)(5), copyright protection extends "only to the extent that . . . such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." **[*6]** Masquerade Novelty, 912 F.2d at 670 (3d Cir. 1990) (quoting H.R. Rep. No. 94-1476, at 55 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5668). Even if there is a similarity between the design of the " at Flying Carpet" and the defendants' people-mover, such a similarity would be permissible if necessary to the effective use of the people-mover. See Universal Athletic, 511 F.2d at 908 ♣("[A] copyright is not infringed by an expression of the idea which is substantially similar where such similarity is necessary because the idea or system being described is the same."). The only aspect of the " at Flying Carpet's" "design" that Hackney claims has been improperly copied by the defendants is the fact that the people-mover is elevated. Even if the idea of elevating the people-mover could be deemed "expressive," the elevation of the system is necessary to the proper functioning of the people-mover and is not "capable of existing independently of the utilitarian aspects of the article." Masquerade Novelty, 912 F.2d at 670. Hackney's design is, therefore, not copyrightable.

Further, even if the court could somehow find that the defendant's " at Flying Carpet" is copyrightable, **[*7]** a scale model utilizing a rubber band as a conveyor belt simply cannot be deemed "substantially similar" to the full sized, functioning people-mover operating in Atlantic City. See Ford Motor Co., 930 F.2d at 291 (holding that ♣substantial similarity is judged by determining whether a lay person would believe there has been an unlawful appropriation).

Based on the foregoing, the court has no difficulty in agreeing with the other judges of this court who have encountered these claims--the claims lack merit and are properly dismissed. n1

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 The court suspects that the plaintiff's claims are also barred by the three year statute of limitations. See 17 U.S.C. § 507(b); Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994) ✦("A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge.").

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

In dismissing the fifth of Hackney's succession of complaints, then Chief Judge Bechtle also entered the following order:

> Plaintiff [*8] may not file any copyright infringement actions against any party relating to the "People-mover" without leave of this court. In seeking leave of court, plaintiff must certify that the claims he wishes to present are new claims, never before raised and disposed of on the merits by any federal court. Upon a failure to certify or upon a false certification, plaintiff may be found in contempt of court and punished accordingly.

Hackney v. Sands Casino, 1992 U.S. Dist. LEXIS 6581, Civ. No. 92-421, 1992 WL 97335 (E.D. Pa. Apr. 28, 1992).

The order was entered in response to Hackney's repeated filings of claims based on his " at Flying Carpet" design which had, in each case, been determined by the court to be frivolous. n2 The history of Hackney's filings are detailed in Judge Bechtle's opinion which is attached as an appendix to this memorandum and order.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n2 The court of appeals has also upheld every dismissal which has been appealed.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Perhaps Hackney misinterpreted Judge Bechtle's order by concluding that he was entitled to bring [*9] the same claims against different defendants. I do not so read the order, but will give Hackney the benefit of the doubt and decline to hold him in contempt of court for violation of Judge Bechtle's order. Nevertheless, I will now make it clear to Hackney that he is not to file any copyright infringement actions against any defendant for any claims for copyright infringement of his " at Flying Carpet" without prior authorization of the court. Further, the defendant is to attach a copy of this memorandum and order to any complaint he files, a copy of the memorandum and order filed by Judge Bechtle in Civil Action No. 92-421, a copy of the complaint filed in this matter, and a copy of the complaint filed in Civil Action No. 92-421. Finally, the court advises Hackney that it will not hesitate to impose appropriate sanctions against him should he violate the terms of this order and be found in contempt of court.

**ORDER**

AND NOW, this 25th day of April, 1997, after consideration of the defendants' motions pursuant to Federal Rule of Civil Procedure 12(b)(6) and defendants' motions to hold the

Get a Document - by Citation - 1997 U.S. Dist. LEXIS 5738 Page 6 of 8

Case 2:02-cv-03249-HH Document 7-7 Filed 07/15/2002 Page 6 of 8

plaintiff in contempt of court, the defendants' memoranda in support thereof, **[*10]** and the plaintiff's response thereto, **IT IS HEREBY ORDERED** that:

1. Defendants' motions to dismiss the complaint for failure to state a claim upon which relief may be granted are GRANTED. The complaint is DISMISSED WITH PREJUDICE as to all defendants.

2. Defendants' motions to hold the plaintiff in contempt of court are DENIED.

**IT IS FURTHER ORDERED** that plaintiff is ENJOINED from filing any complaint against any person, corporation or other entity for any claims alleging copyright infringement of the " at Flying Carpet" without first seeking authorization of the court in which the plaintiff seeks to file. In seeking such authorization, the defendant shall abide by the order of this court in Hackney v. Sands Hotel & Casino, 1992 U.S. Dist. LEXIS 6581, Civ. No. 92-421, 1992 WL 97335 (E.D. Pa. Apr. 28, 1992). In addition to the certification required by that order, the defendant shall attach to any such complaint a copy of this order and accompanying memorandum, a copy of the memorandum and order of this court in Civil Action No. 92-421 dated April 28, 1992, a copy of the complaint filed in this case, and a copy of the complaint filed in Civil Action No. 92-421. If plaintiff fails to abide by **[*11]** the terms of this order and the order of this court dated April 28, 1992 in Civil Action No. 92-421, he may be found in contempt of court and punished accordingly.

William H. Yohn, Jr., Judge

Appendix

Larry HACKNEY v. SANDS HOTEL & CASINO and Claridge Casino Hotel.

Civ. A. No. 92-0421.

United States District Court, E.D. Pennsylvania.

Larry Hackney, pro se.

Frederick H. Kraus, Atlantic City, N.J., for Sands Hotel & Casino.

Nicholas Poduslenko, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for Claridge Casino Hotel.

MEMORANDUM ORDER

BECHTLE, Chief Judge.

AND NOW, TO WIT, this 28th day of April, 1992, upon consideration of defendants' motions to dismiss the complaint, IT IS ORDERED that the motions are granted. IT IS FURTHER ORDERED that plaintiff may not file any copyright infringement actions against any party relating to the "People Mover" without leave of this court. In seeking leave of court, plaintiff must certify that the claims he wishes to present are new claims, never before raised and disposed of on the merits by any federal court. Upon a failure to certify or upon a false certification, plaintiff may be found in contempt of court and punished accordingly. **[*12]** Plaintiff must also submit under oath a statement setting forth each and every fact he would present at trial supporting his claim of infringement. Plaintiff's motions to expedite in full response and to formally charge defendants Mr. Bradley H. Stone and Gloria Soto are dismissed.

DISCUSSION

Presently before the court is the fifth in a series of complaints filed against the Sands Hotel & Casino ("Sands") and Claridge at Park Place, Inc., d/b/a Claridge Casino Hotel ("Claridge"), wherein plaintiff, acting pro se, purports claims of copyright infringement against defendants relating to the "People Mover," which is an enclosed horizontal escalator that transports passengers from the boardwalk in Atlantic City, New Jersey, to the Sands, a hotel and casino located one block from the boardwalk. A history of plaintiff's related legal endeavors is in order. [FN1]

Plaintiff first brought suit against six defendants, including the Sands and Claridge, in this court on November 16, 1988. This suit, containing three related complaints, was docketed as Civil Action No. 88-5205 and was assigned to the Honorable Thomas N. O'Neill, Jr. Judge O'Neill immediately dismissed the complaints as frivolous [*13] on the ground that plaintiff had not made a short and plain statement of the facts supporting infringement as required by Federal Rule of Civil Procedure 8. Judge O'Neill also noted that plaintiff's complaints were devoid of any facts supporting the claims and, consequently, permitted plaintiff 30 days to amend to remedy the complaints' inadequacies. Plaintiff filed an amended complaint which Judge O'Neill dismissed by Order dated January 5, 1989, wherein he stated, after citing relevant case law, that "plaintiff's complaint contains no facts to support direct evidence of copying. Moreover, plaintiff has alleged no facts to show that a substantial similarity exists between plaintiff's and defendant's works." Plaintiff appealed the dismissal to the United States Court of Appeals for the Third Circuit. The Third Circuit dismissed the appeal as frivolous pursuant to 28 U.S.C. 1915(d).

Plaintiff filed a second complaint which was docketed as Civil Action No. 89-7434 and also assigned to Judge O'Neill. In dismissing the second action as frivolous, Judge O'Neill noted that plaintiff was complaining of the same acts of infringement as were alleged in the first action. Judge O'Neill also [*14] stated that:

Plaintiff's complaint is inadequate. Plaintiff has failed to make a short and plain statement of the facts supporting infringement. The complaint contains no facts to support direct evidence of copying . . . Neither does the complaint allege facts to show that a substantial similarity exists between plaintiff's and defendants' works. While defendants' walkways are outwardly similar in appearance to plaintiff's work, that fact alone is insufficient to establish that the walkways are substantially similar to plaintiffs' work.

Hackney v. Sands Hotel and Casino, No. 89-7434 (E.D.Pa. October 19, 1989) (Order dismissing action as frivolous). Plaintiff appealed the dismissal of the second action and again the Third Circuit dismissed the appeal as frivolous.

Plaintiff filed a third complaint on March 30, 1990, which was docketed at Civil Action No. 90-1712, wherein he again alleges the same acts of infringement as in the prior two actions. Judge O'Neill dismissed this complaint as frivolous [FN2] and the Third Circuit dismissed the appeal as frivolous and denied plaintiff's petition for rehearing.

Undaunted, plaintiff once again filed suit. The fourth action, docketed at [*15] Civil Action No. 91-1126, was assigned to the Honroable Herbert J. Hutton. Judge Hutton noted that the fourth complaint was virtually identical to Civil Action No. 89-7434 and dismissed it as frivolous. The Third Circuit affirmed the dismissal by Judgment Order dated September 20, 1991. After being rejected in his claims for the fourth time, plaintiff sought leave to amend his complaint in the second action, which Judge O'Neill denied since that action was no longer pending.

On February 20, 1992, plaintiff filed the fifth complaint against the Sands and Claridge. This complaint is essentially the same as its predecessors and is clearly frivolous. The court adopts the reasoning of Judge O'Neill and Judge Hutton and will dismiss the complaint pursuant to 28 U.S.C. § 1915(d).

This matter cannot end here, however, Courts have the responsibility to ensure that their limited resources are allocated in a way the promotes the interests of justice. See In Re McDonald, 489 U.S. 180, 109 S. Ct. 993 (1989). While courts must endeavor to be as flexible as possible when administering claims brought by pro se litigants, there comes a time when repeatedly frivolous litigants abuse the system to [*16] the extent that institutional concerns must overcome the policy which provides that litigant with continuous access to the courts. This is such a case.

The All Writs Act, 28 U.S.C. § 1651(a), empowers district courts to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated. In Re Packer Ave. Associates, 884 F.2d 745 (3rd Cir.1989). Altough this type of relief is an extreme remedy and should be used sparingly, the court is of the view that such action is warranted in the present case.

Plaintiff has filed a total of seven complaints against various defendants based on the same allegedly wrongful conduct. On each occasion a district court and an appellate court determined that plaintiff's complaint was frivolous. Plaintiff may believe that these causes of action are meritorious, but it is clear that courts do not; the repeated bringing of lawsuits will not change that fact. The court is satisfied that unless plaintiff is somehow restrained from bringing further suits, he is likely to continue to abuse the judicial process and harass other parties. See Safir v. United [*17] States Lines, Inc., 792 F.2d 19 (3d Cir.1986). The terms of the injunction set forth above was adopted by the Third Circuit in Packer Ave. Associates, wherein it remarked that this method "strikes a good balance between the right of the litigant to access to the courts, the right of parties to previous litigation to enjoy the repose of res judicata, and the right of taxpayers not to have a frivolous litigant become an unwarranted drain on their resources."

> 884 F.2d at 748.
> FN1. The court is adopting the facts set forth in the various complaints discussed below by reference.
>
> FN2. Judge O'Neill noted that in addition to the previous two actions, plaintiff also filed claims against U.S. News and World Report (Civil Action No. 89-9228) and C.B.S., Inc. and Paramount, Inc. (Civil Action No. 89-8894).

END OF DOCUMENT

Service: **Get by LEXSEE®**
Citation: **1997 U.S Dist. LEXIS 5738**
View: Full
Date/Time: Sunday, July 14, 2002 - 11:07 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.