## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WIZKIDS CREATIONS CO. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SEPTA TRANSPORTATION, <u>et al.</u> | : | NO. 02-3249 |

### <u>MEMORANDUM AND ORDER</u>

HUTTON, J.                                              February 27, 2003

        This suit is the latest chapter in a fifteen-year string of
lawsuits filed by Plaintiff Larry Hackney, this time under the
alter ego "Wizkids Creations Co.," alleging infringement of his
copyright for the "Flying Carpet."[1]  The prior suits were dismissed
as frivolous.  Presently before the Court are two unopposed motions
to dismiss (Docket Nos. 6 & 7), one from each of the Defendants, as
well as a myriad of motions filed by the Plaintiff.  As discussed
below, this action, like the prior suits, must also be dismissed.

### I.    <u>FACTS</u>

### A.  <u>The Flying Carpet</u>

        In 1975, Larry Hackney received a copyright for his "Flying
Carpet."  Although not entirely clear from the pleadings, it
appears that the Flying Carpet is a form of elevated conveyor belt,

---

[1]     In some of his numerous earlier filings, Plaintiff occasionally refers
to the Flying Carpet as the "@Flying Carpet."  <u>See</u> <u>Hackney v. Lehrer McGovern</u>
<u>Bovis of Pa.</u>, Civ. A. No. 97-1015, 1997 WL 214846, at *1 (E.D. Pa. 1997)
(Yohn, J.).

designed to move people through an urban center. The system consists of a series of "lineared units," which are essentially large sections of steel tubing connected to one other. A conveyor belt runs through the bottom of each unit. Plaintiff's scheme calls for suspending these units from pre-existing city streetlights. Apparently, individuals would be able to enter the Flying Carpet system at designated stations and then be whisked about the city on these enclosed conveyor belts, thereby eliminating the need to travel long distances on the city's sidewalks.

**B. <u>Prior Litigation</u>**

As early as 1988, Hackney began filing suits in the Eastern District of Pennsylvania, alleging that various parties infringed his Flying Carpet copyright. <u>See</u> <u>Hackney v. Sands Hotel & Casino</u>, Civ. A. No. 92-0421, 1992 WL 97335, at *1 (E.D. Pa. 1992) (Bechtle, C.J.) (discussing Plaintiff's litigious history). It appears that the bulk of Plaintiff's prior suits alleged copyright infringement related to the "People Mover," which is an enclosed moving sidewalk leading from the Atlantic City, New Jersey boardwalk to the Sands Hotel and Casino. <u>Hackney v. Lehrer McGovern Bovis of Pa.</u>, Civ. A. No. 97-1015, 1997 WL 214846, at *1 (E.D. Pa. 1997) (Yohn, J.); <u>Sands Hotel</u>, 1992 WL 97335, at *1. In those actions, Plaintiff alleged that the people mover was substantially similar in design to the Flying Carpet. Each of the prior suits was dismissed,

either as frivolous or for failure to state a claim under Federal
Rule of Civil Procedure 12(b)(6).  See, e.g., Lehrer McGovern, 1997
WL 214846, at *3-4.

In dismissing one of Plaintiff's prior complaints, then Chief
Judge Louis C. Bechtle entered the following order:

> It is further ordered that plaintiff may not
> file any copyright infringement actions
> against any party relating to the "People
> Mover" without leave of this court.   In
> seeking leave of court, plaintiff must certify
> that the claims he wishes to present are new
> claims, never before raised and disposed of on
> the merits by any federal court.  Upon a
> failure to certify or upon a false
> certification, plaintiff may be found in
> contempt of court and punished accordingly.
> Plaintiff must also submit under oath a
> statement setting forth each and every fact he
> would present at trial supporting his claim of
> infringement.

Sands Hotel, 1992 WL 97335, at *1.

Apparently, Plaintiff was undaunted by Judge Bechtle's 1992
order.  In 1997, Plaintiff filed yet another complaint alleging
copyright infringement relating to the Atlantic City people mover.
Lehrer McGovern, 1997 WL 214846, at *1.  In dismissing this
complaint, Judge William H. Yohn, Jr. noted that Plaintiff failed
to follow the requirements of Judge Bechtle's earlier order.  Judge
Yohn, however, declined to find Plaintiff in contempt because of
the possibility that Plaintiff misunderstood the nature of the
earlier order.  Id. at 3.  In an effort to "make it clear to
Hackney that he is not to file *any* copyright infringement actions

-3-

against *any* defendant for *any* claims for [] infringement of his '@Flying Carpet' without prior authorization of the court[,]" Judge Yohn imposed new restrictions on Hackney. <u>Id.</u> at 3 (emphasis in original). Accordingly, Judge Yohn issued the following order:

> It is further ordered that plaintiff is ENJOINED from filing any complaint against any person, corporation or other entity for any claims alleging copyright infringement of the "@Flying Carpet" without first seeking authorization of the court in which the plaintiff seeks to file. In seeking such authorization, the [plaintiff] shall abide by [Judge Bechtle's 1992 order]. In addition to the certification required by that order, the [plaintiff] shall attach to any such complaint a copy of this order and accompanying memorandum, a copy of [Judge Bechtle's 1992 order and a copy of the complaints filed in each earlier case]. If plaintiff fails to abide by the terms of this order . . . , he may be found in contempt of court and punished accordingly.

<u>Id.</u> at 4.

**C.    <u>The Instant Suit</u>**

On May 28, 2002, Hackney filed an <u>in</u> <u>forma</u> <u>pauperis</u> petition and Complaint with this Court, alleging that Defendants infringed upon his Flying Carpet copyright. Not surprisingly, Hackney failed to abide by the conditions of Judge Yohn's 1997 order.[2] He did not

---

[2]    While Judge Bechtle's 1992 order is not applicable to this case because Plaintiff is not alleging an infringement related to the Atlantic City people mover, Judge Yohn's 1997 order applies to any action alleging infringement of the Flying Carpet copyright. Accordingly, the restrictions imposed by that order are applicable to the instant case. The fact that Hackney filed this complaint under the guise of a newly created corporate alter ego, Wizkids Creations, is irrelevant. In his Complaint, Hackney acknowledges that he is the owner of the copyright at issue.

inform this Court about any of the earlier restrictions placed on him by other courts of this district. He did not attach copies of the earlier opinions or complaints, as instructed by Judge Yohn. As a result, this Court granted Hackney's in forma pauperis petition on May 29, 2002.

In his Complaint, Hackney appears to allege that SEPTA's elevated commuter trains (the "El") somehow infringe upon the Flying Carpet copyright. Although not entirely clear, Hackney seems to claim that a SEPTA logo, consisting of a picture of an elevated train and the words "The El – SEPTA @ Work," is substantially similar to his depictions of the Flying Carpet. Hackney claims that "the defendants have 'fixed', 'wheeless' [sic] on poles [such that] a lay observer would see the 'striking similarity' and 'essance' [sic] both works take from the 'base.'" Compl. at 1. Accordingly, this Court construes the Complaint to allege that the SEPTA logo in question infringes upon Hackney's depictions of the Flying Carpet, which are appended to his Complaint.

In July 2002, Defendants SEPTA Transportation ("SEPTA") and Portfolio Associates, Inc., ("Portfolio") moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6). In its motion, SEPTA informed this Court of the earlier restrictions placed on Hackney by Judge Yohn. Citing Hackney's failure to follow Judge Yohn's instructions, SEPTA asks that Hackney be required to

reimburse both Defendants for all attorneys' fees and costs incurred in defending the instant suit. SEPTA also asks that Hackney be enjoined, both individually and through any corporate entity, from filing any further complaints alleging infringement of his Flying Carpet copyright.

In response to Defendants' motions, Hackney filed a series of motions, including two motions for sanctions (Docket Nos. 14 & 16), a motion for contempt (Docket No. 8), and a motion for "Trespass Proven" (Docket No. 20). Defendants chose not to respond to any of these motions.

## II.  LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), the Court must accept as true all facts alleged in the complaint and any reasonable inferences that can be drawn therefrom. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (citing Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988)); see also H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989). A court may only dismiss a complaint where plaintiff can prove no set of facts, consistent with his allegations, which justifies relief.[3] See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Crighton v. Schuylkill County, 882 F. Supp. 411, 414 (E.D. Pa. 1995).

---

[3]

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The court is not required to credit a plaintiff's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. <u>See</u> <u>Id.</u>  The Federal Rules merely require "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2) (West 2001).

### III.  <u>DISCUSSION</u>

### A.  <u>Dismissal of Infringement Claim</u>

To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) copying of the constituent elements of the work that are original.  <u>Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.</u>, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).  Regarding the first prong, a plaintiff who produces a valid copyright certificate, which was obtained within five years of the date when the work was first published, creates a <u>prima</u> <u>facie</u> presumption as to the validity of the copyright itself.  17 U.S.C. § 410(c) ("[T]he certificate of registration made before or within five years after the first publication of the work shall constitute prima facie evidence of the validity of the copyright."); 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.11[B], at 162 (2002) [hereinafter "Nimmer"].

Plaintiff attached to his Complaint a copyright certificate for the Flying Carpet. The Court notes, however, that it is impossible to determine whether Plaintiff is entitled to the presumption of validity because he failed to list the date of first publication on the copyright form. As a result, this Court cannot discern whether the certificate was obtained within five years of first publication. Regardless of this defect, Plaintiff's claim also fails because he can prove no set of facts establishing the second element of copyright infringement – actual copying of the Flying Carpet's original elements.

Because it is rare that direct evidence of copying will exist, copying may be proven by showing (1) that the defendant had access to the work from which to copy and (2) substantial similarity between the two works. Dam Things from Denmark, a/k/a Troll Company v. Russ Berrie & Co., Inc., 290 F.3d 548, 651-52 (3d Cir. 2002); Whelan Assoc., Inc. v. Jaslow Dental Lab., Inc., 797 F.2d 1222, 1231-32 (3d Cir. 1986). "Access" merely means a reasonable opportunity to view other works. Autoskill, Inc. v. Nat'l Education Support Sys., Inc., 994 F.2d 1476, 1490 (10th Cir. 1993); Robert R. Jones Assoc., Inc. v. Nino Homes, 858 F.2d 274, 277 (6th Cir. 1988) (citing 3 Nimmer § 13.02[A]).

First, Hackney does not assert that either of the Defendants had access to his depictions of the Flying Carpet. Although access may be inferred by proof of "striking similarity," Educational

-8-

Testing Servs. v. Katzman, 793 F.2d 533, 541 (3d Cir. 1986), as
discussed below, this Court finds nothing remotely similar between
the depictions of SEPTA's "El" and Hackney's Flying Carpet.

Second, the works are not substantially similar. Courts in
this circuit apply a bifurcated test for substantial similarity.
Whelan, 797 F.2d at 1232. Under the first test, also known as the
"extrinsic" test, the fact-finder must determine if the works are
sufficiently similar to conclude that the alleged copier,
Defendants in this case, copied from another work to make their
own. Id. The second test, known as the "intrinsic" test for
similarity, requires the fact-finder to determine whether a "lay
observer" would find the similarities to be the result of
"unlawful" or "illicit" copying of another work. Id.

Hackney cannot meet either test. The SEPTA logo contains a
picture of an elevated train. Hackney's work is a picture of a
conveyor belt suspended from streetlights. There is absolutely
nothing similar about the two drawings. Accordingly, Plaintiff's
Complaint is dismissed.

## B.  Sanctions

SEPTA asks this Court to impose sanctions on Hackney for
violating Judge Yohn's 1997 order. Specifically, SEPTA asks that
Hackney be required to reimburse both Defendants for their
attorneys' fees and costs incurred in defending this action.
Additionally, SEPTA asks this Court to reiterate Judge Yohn's

-9-

earlier injunction upon Hackney and clarify that Hackney cannot avoid the restrictions placed upon him merely by filing a Complaint under the guise of corporate alter ego.

A Court may assess attorneys' fees as a sanction "for the 'willful disobedience of a court order.'" Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 259, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975) (citing Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 426-28, 43 S. Ct. 458, 67 L. Ed. 719 (1923)). Despite Hackney's disobedience of Judge Yohn's Order, this Court will not impose sanctions upon him at this time.  Perhaps Hackney misunderstood the nature of Judge Yohn's earlier order, or perhaps he chose to willfully flout that order by filing the instant Complaint under the guise of a corporate alter ego.  Regardless, this Court concludes that an imposition of costs and fees would not have the desired effect of preventing further filings by Hackney. If Hackney continues to abuse the judicial process, however, this Court will not hesitate to impose sanctions against him. Accordingly, SEPTA's motion for sanctions is denied, but this Court orders Hackney not to file similar complaints in the future without first seeking leave of the Court.

## IV.  CONCLUSION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may only dismiss a complaint where plaintiff can prove no set of facts, consistent with his allegations, which justifies relief.  In

this case, Plaintiff cannot prove any set of facts establishing that Defendants infringed his Flying Carpet copyright.  As a result, the Complaint is dismissed.  Additionally, this Court denies Defendants' request for sanctions against Plaintiff, but orders Plaintiff to cease filing similar complaints in the future without first seeking leave of the Court.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

WIZKIDS CREATIONS CO.            :          CIVIL ACTION
                                 :
          v.                     :
                                 :
SEPTA TRANSPORTATION, <u>et</u> <u>al.</u>    :          NO. 02-3249

**O R D E R**

AND NOW, this 27th day of February, 2003, upon consideration of Defendant Portfolio Associates, Inc.'s Motion to Dismiss (Docket No. 6); Defendant SEPTA Transportation's Motion to Dismiss (Docket No. 7); and the following Motions by Plaintiff Wizkids Creations: Motion for Contempt (Docket No. 8), Motion to Expedite Relief (Docket No. 10), Motion for Sanctions (Docket No. 14), Second Motion for Sanctions (Docket No. 16), Motion for Relief with Trespass Proven (Docket No. 20), and Motion for Burden of Proof (Docket No. 21), IT IS HEREBY ORDERED that:

(1) Defendant Portfolio Associates, Inc.'s Motion to Dismiss (Docket No. 6) is **GRANTED;**

(2) Defendant SEPTA Transportation's Motion to Dismiss (Docket No. 7) is **GRANTED;**

(3) Plaintiff's Complaint is **DISMISSED WITH PREJUDICE;**

(4) Each of Plaintiff's Motions in this action is **DENIED AS MOOT;** and

(5) The Clerk of Court shall mark this case **CLOSED.**

IT IS HEREBY FURTHER ORDERED that Plaintiff Larry Hackney, either individually or through any other entity which he controls, has an ownership interest in or for which he serves as a partner, officer, or director, is **ENJOINED** from filing any complaint, including any Motion for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u>, against any person, corporation, or other entity for any claims alleging infringement of the copyright for the "Flying Carpet" or "@Flying Carpet," without first seeking the authorization of the Court in which Plaintiff seeks to file.  In seeking such authorization, Plaintiff Larry Hackney shall abide by the Order of this Court in <u>Hackney v. Lehrer McGovern Bovis of Pa.</u>, Civ. A. No. 97-1015, 1997 WL 214846 (E.D. Pa. 1997).  Moreover, in seeking such authorization, Plaintiff shall attach to any such complaint a copy of this Memorandum and Order, as well as the additional attachments required by the order dated April 25, 1997 in Civil Action No. 97-1015.  Finally, Plaintiff must also submit under oath a statement setting forth each and every fact he would present at trial supporting his claim of infringement.  If Plaintiff Larry Hackney fails to abide by the terms of this Order or the terms of the Order dated April 25, 1997 in Civil Action No. 97-1015, then he may be found in contempt of Court and sanctioned.

BY THE COURT:

_____
HERBERT J. HUTTON, J.

-2-